OPINION
Appellant Carl Green appeals the decision of the Court of Common Pleas, Stark County, which denied his petition for postconviction relief. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
On August 3, 1984, appellant pled no contest, in the Stark County Court of Common Pleas, to one count of aggravated assault. The court thereupon sentenced appellant to six months incarceration, to be served concurrently with a federal prison term in Kentucky. According to appellant, in 1989, the United States District Court for the Northern District of Ohio sentenced him to thirty-five years in federal prison, with said sentence having been enhanced by twenty years based on the 1984 Stark County aggravated assault conviction. Appellant first filed a petition for postconviction relief regarding the aggravated assault conviction in June 1993. The trial court dismissed appellant's petition in October 1996. This Court affirmed the dismissal on September 2, 1997.
On August 21, 2000, appellant filed a second petition for postconviction relief. The trial court overruled said petition on January 12, 2001, without a hearing. The court found that appellant had not met the requirements in R.C. 2953.23 for filing a petition outside statutory time limits, and further found the issues raised by appellant barred by the doctrine of res judicata.
On June 11, 2001, appellant filed his notice of appeal.[1] He herein raises the following three Assignments of Error:
 I. THE TRIAL COURT ERRED IN ITS DETERMINATION THAT APPELLANT DOES NOT SATISFY THE REQUIREMENTS OF R.C. 2953.23.
 II. THE TRIAL COURT ERRED IN ITS DETERMINATION THAT THE ISSUES PRESENTED BY APPELLANT IN HIS POSTCONVICTION PETITION ARE BARRED BY THE DOCTRINE OF RES JUDICATA.
 III. THE TRIAL COURT ERRED IN ITS DETERMINATION THAT APPELLANT HAS NO RIGHT TO AN EVIDENTIARY HEARING.
 I
In his First Assignment of Error, appellant argues that the trial court erred in finding that the requirements of R.C. 2953.23 were not met. We disagree.
A petitioner seeking postconviction relief must file a timely petition under the statutory requirements of R.C. 2953.21(A)(2):
 "A petitioner under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
In order to obtain relief under a delayed postconviction petition pursuant to R.C. 2953.23(A), a petitioner must show that he was either unavoidably prevented from discovery of the facts upon which the petitioner must rely, or that the Supreme Court of the United States recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1).
Appellant does not seek to apply the second alternative under R.C.2953.23(A)(1), hence we must analyze the applicability of the "unavoidably prevented" justification for appellant's 2000 petition. In support of said petition, appellant provided, inter alia, affidavits from his brother, Donald Green, and a long-time acquaintance, Everett Hanson, both of whom averred that they began efforts in 1996 to obtain information about the events at appellant's original plea hearing from former defense counsel, Frank Beane, Esq. They also averred that these efforts continued through 2000, when Beane provided an affidavit to appellant concerning his involvement in the case and the circumstances of the plea. On May 7, 2001, appellant, apparently unaware of the court's January 12, 2001 denial of his petition, sought leave to add his own affidavit in which he sets forth his attempts to obtain documentation from Beane and another one of his attorneys, commencing in 1993. Upon review of the petition and supplemental documentation submitted therewith, including the aforecited affidavits, we find that appellant has not shown he was unavoidably prevented from discovery of the facts upon which he now relies as the basis for his petition for post-conviction relief. Appellant waited until, at the earliest, nine years after his conviction in 1984 and three to four years after his federal sentence enhancement in 1989 to begin the process of procuring documentation for his claims of insufficient plea colloquoy and lack of voluntary waiver. We find no error, under such circumstances, in the trial court's conclusion that appellant was not unavoidably delayed in obtaining documentation for presenting his claim.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant argues that the trial court erred in applying the doctrine of res judicata to his claims. Based on our conclusions regarding appellant's First Assignment of Error, we find this argument moot.
Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant argues that the trial court erred in its determination that he was not entitled to an evidentiary hearing. We disagree.
If a postconviction petition is untimely, it is subject to dismissal without a hearing unless the criteria under R.C. 2953.23(A)(1) and (2) are satisfied. State v. Hurst (Jan. 10, 2000), Stark App. No. 1999CA00171, unreported, citing State v. Pasqualone (Sept. 30, 1999), Ashtabula App. No. 98-A-0074, unreported.
Appellant's Third Assignment of Error is therefore overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs are assessed to appellant.
Hon. Julie A. Edwards, P. J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.
[1] Appellant asserts he was not aware of the judgment entry from which he seeks appeal until June 4, 2001. We are unable to ascertain from the trial court docket when or if the clerk served appellant per Civ.R. 58(B). Therefore, we will proceed on the merits of this appeal.